## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA AND ROME DIVISIONS

|  |  |
|---|---|
| In re WASEEM DAKER cases | Civil Action Nos.<br>1:18-cv-05243-SDG<br>1:22-cv-02776-SDG<br>4:23-cv-00213-SDG |

## <u>OPINION AND ORDER</u>

Waseem Daker is a state prisoner and serial, abusive litigant. He has filed

motions in several cases that raise many of the same issues. Accordingly, the Court

addresses the motions together in this consolidated order.

### I.       Background

On August 4, 2020, the Court entered a permanent filing injunction against

Daker (the Injunction) based on its finding that he is an abusive and vexatious

litigant.[1] The Injunction requires that, when Daker files or attempts to file a new

action in this Court, he (1) pay the full filing fee and (2) post a $1,500 contempt

bond or submit a motion seeking relief from the bond requirement. Further, the

Injunction requires that, if Daker files a new lawsuit in *any* federal court, he include

with his pleading (3) a copy of the Injunction and (4) a list of each lawsuit, habeas

corpus petition, and appeal he has filed in federal court along with the disposition

---

[1]     Case No. 1:18-cv-05243-SDG (Case 5243), ECF 57.

of each action.[2] The Court also ordered that any complaint Daker "submits in this Court without posting the contempt bond (or a compliant motion [for relief from the bond requirement]), without a copy of [the Injunction], or without a list of his prior actions in federal court will be summarily dismissed."[3] The Injunction was unanimously upheld on appeal.[4]

Since then, Daker has repeatedly sought to vacate the Injunction or obtain relief from its requirements.[5] The Court has rejected those efforts.[6] In Case 5243—the action in which the Injunction itself was entered—Daker now argues (again) that the Injunction must be vacated.[7] And he'd like undersigned to recuse.[8] In Case 2776, the Court denied Daker's habeas petition because he did not comply with the Injunction.[9] He seeks to vacate the Injunction and have undersigned recuse in

---

[2]   *Id.* at 17–19.

[3]   *Id.* at 19.

[4]   *Id.*, ECF 76.

[5]   *See, e.g., id.*, ECFs 62, 78, 79, 81, 82; Case No. 1:19-cv-1636-SDG, ECF 57.

[6]   *See, e.g.*, Case 5243, ECF 65, 83, 85; Case No. 1:19-cv-1636-SDG, ECF 60. In Case 5243 alone, the Court has denied five motions to vacate or modify since the action was terminated over three years ago. Case 5243, ECFs 65, 83, 85 (denying ECFs 62, 78, 79, 81, 82).

[7]   Case 5243, ECF 86.

[8]   *Id.,* ECF 88.

[9]   Case 2776, ECF 5.

2

that case as well.[10] Finally, Case 213 is a habeas action in which Daker challenges his placement in administrative segregation at Hays State Prison. The magistrate judge recommended that Daker's motion to modify the Injunction be denied and that the action be dismissed because he failed to comply with it.[11] Daker objected,[12] and also moved to recuse undersigned.[13]

To summarize, then, this omnibus Order addresses the following pending matters in these cases:

- a motion to reconsider and vacate in Case 5243;[14]

- a motion to vacate in Case 2776;[15]

- a motion to reconsider and vacate in Case 2776;[16]

- a motion to recuse filed in Cases 5243, 2776, and 213;[17] and

---

[10] *Id.*, ECFs 7, 9, 10.

[11] Case 213, ECF 4.

[12] *Id.*, ECFs 8, 12.

[13] *Id.*, ECF 11.

[14] Case 5243, ECF 86.

[15] Case 2776, ECF 7. Although Daker's motion to vacate reflects the captions for both Case 5243 and Case 2776, it appears that the document was inadvertently only docketed in the latter. Accordingly, the motion will also be docketed in Case 5243.

[16] Case 2776, ECF 9.

[17] Case 5243, ECF 88; Case 2776, ECF 10; Case 213, ECF 11. In Case 213, Daker also filed a motion to recuse the prior judge [ECF 7].

- two sets of objections in Case 213.[18]

The Court addresses Daker's recusal arguments first. *Daker v. Warren*, No. 20-12296, 2023 WL 4560224, at *3 (11th Cir. July 17, 2023) (per curiam) (indicating that a court should rule on a recusal motion before dismissing a case on the merits).

## II.    Motion to Recuse

A party seeking recusal may rely on 28 U.S.C. § 455(a), which requires a judge to disqualify himself in any action in which his impartiality might reasonably be questioned. The standard is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). However, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *James v. Hunt*, Case No. 1:17-cv-1181, 2017 WL 4475945, at *1 (N.D. Ga. July 13, 2017) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). Put

---

[18]   Case 213, ECFs 8, 12.

plainly, "a judge has a duty to deny recusal when proper grounds for recusal have not been shown." *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, Case No. 1:04-cv-3294, 2015 WL 13687740, at *3 (N.D. Ga. Oct. 27, 2015).

Daker has filed the same motion to recuse in all three cases, asserting three arguments in support.[19] First, he contends that the Court's rulings are encouraging him to engage in criminal conduct.[20] He next argues that undersigned has demonstrated an intent to deny him access to the courts.[21] Finally, Daker argues that the Court is biased because it has foreclosed his ability to challenge his 2012 state-court conviction.[22]

### A.   Illegal Conduct

Daker first argues that the Court's rulings have forced him to resort to illegal behavior to comply with the Injunction. He claims he no longer has access to PACER and prison officials will not provide him with access to the Internet.[23] Daker therefore alleges his only recourse to obtain a copy of the Injunction and his

---

[19]   Case 5243, ECF 88; Case 2776, ECF 10; Case 213, ECF 11.

[20]   Case 5243, ECF 88, at 1–9.

[21]   *Id.* at 9–10.

[22]   *Id.* at 10–11.

[23]   *Id.* at 6.

case list is to access the Internet using a contraband cell phone.[24] The Injunction thus—according to Daker—condones and encourages him to break the law.[25]

As discussed below in connection with the motions to vacate, given Daker's long history of distorting, misrepresenting, and providing false information to the Court, undersigned declines to credit his bare, self-serving assertions that he lacks the ability to comply with the Injunction other than through illegal means. Daker has at least some access to his legal papers and online legal research since his filings in these cases quote the Court's Orders, statutes, and case law.[26] He recently provided his federal litigation history in a Middle District of Georgia action, demonstrating that he has access to the required case list.[27] Neither the Injunction nor any of the Court's Orders require or encourage Daker to engage in illegal conduct. Daker's behavior and choices are his own. No disinterested observer would construe the Court's directives or rulings as demonstrating a basis for recusal. *Patti*, 337 F.3d at 1321.

---

[24]   *Id.* at 6–7.

[25]   *See generally id.* at 1–9.

[26]   *See, e.g., id.* at 2, 5, 8, 10; Case 2776, ECF 9, at 2–3, 11–16; Case 213, ECF 8.

[27]   *Daker v. Ward*, No. 5:22-CV-340 (MTT) (M.D. Ga.), ECF 13, at 55–62. *See also infra* at 16.

B.     Access to the Courts

Daker's next argument is that undersigned has shown a "rubberstamp bias" against him and intends to deny him access to the courts. The Court ruled in Case 2776 that future "motions to modify or vacate the contempt bond requirement" must comply with the Injunction.[28] According to Daker, this reflects undersigned's improper intent to deny such motions without regard to his circumstances.[29]

Whether purposefully or otherwise, Daker misconstrues the Court's Orders. The Injunction provides clear instructions Daker must follow if he seeks to modify the requirement that he post a contempt bond.[30] Those instructions, along with the rest of the Injunction, were upheld by the Court of Appeals.[31] Daker's prior motions to modify did not comply with those instructions.[32] Accordingly, the Court informed him that such noncompliant motions will not be considered.[33] It does not violate Daker's right of access to the courts to require him to comply with the Court's instructions. *See, e.g.*, LR 41.3(A)(2), NDGa (authorizing dismissal of civil actions when a plaintiff refuses to obey a lawful order of the Court). Nor

---

[28]   Case 2776, ECF 5, at 5.

[29]   Case 5243, ECF 88, at 10.

[30]   *Id.*, ECF 57, at 18–19.

[31]   *Id.*, ECF 76.

[32]   *See, e.g.*, Case 2776, ECF 5.

[33]   *Id.*

7

would an objective observer consider the Court's ruling a determination that Daker's circumstances are irrelevant. The denial of Daker's motion to modify the Injunction in Case 2776 does not support recusal.

### C.  Bias

Finally, Daker complains that the Court's dismissal of his habeas corpus petition in Case 2776 case (the 2776 Dismissal Order) did not state whether the dismissal was with or without prejudice.[34] He contends this means that the dismissal was with prejudice, which forever precludes his ability to challenge his 2012 state-court convictions and reflects the Court's bias.[35]

First, the fact that a judge routinely issues rulings adverse to a party does not alone demonstrate the bias required by § 455. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or

---

[34]  Case 5243, ECF 88, at 10.

[35]  *Id.* at 10–11.

partiality motion." *Id.* Daker's disagreement with the Court's rulings does not support recusal.

But Daker is correct that the 2776 Dismissal Order did not indicate that dismissal was without prejudice.[36] It should have. Dismissal was based on Daker's failure to follow the instructions in the Injunction, not the merits of his underlying habeas petition. While it seems clear from the Order itself that the Court had no intention of dismissing the action with prejudice, the Court should have made that intention explicit since, under LR 41.3, a dismissal for refusal to obey a court order is with prejudice unless otherwise specified. LR 41.3(B), NDGa. An objective observer, however, would not construe the Court's oversight as a reflection of bias necessitating recusal. As discussed below, the straightforward remedy to any harm resulting from the Court's error is to correct the Order and resultant judgment to indicate that they were entered without prejudice.[37] Daker's litigiousness and zeal for undersigned to recuse himself have, however, made the Court's ability to provide that remedy less than straightforward.

---

[36]   Case 2776, ECF 5, at 5.

[37]   *See infra* Section III.C.

### III.    Motions to Modify the Injunction and Objections to the R&R

In Case 5243, Daker moves the Court to (1) reconsider and vacate its August 28, 2023 Order declining to modify the Injunction and (2) modify the Injunction itself.[38] In Case 2776, Daker also moves (3) to modify the Injunction and (4) for the Court to reconsider and vacate the 2776 Dismissal Order and judgment.[39] His objections to the magistrate judge's Report and Recommendation (R&R) in Case 213 likewise raise the same general argument that the Injunction should be modified.[40] Since these filings repeat many of the same arguments, the Court discusses the various submissions as though they were a single filing.

### A.    Copy of the Injunction and Litigation History

#### 1.    Purposes

Daker argues that the Injunction's requirements that he include his case list and the Injunction with his filings serves no legitimate purpose: He can make

---

[38]   Case 5243, ECF 86.

[39]   Case 2776, ECFs 7, 9. Although the title of one filing [ECF 7] indicates that it is also a motion to exceed the page limitations, Daker does not actually request such relief in the body of the document despite the fact that it contains nearly double the number of pages permitted in a brief. There is thus no "motion" for excess pages that the Court may deny or grant. To the extent that filing exceeds the 25-page limit applicable to briefs, the Court has considered Daker's arguments. **Daker, however, is again cautioned that any motion or brief in excess of 25 pages will be summarily stricken unless it is also accompanied by a separate motion seeking leave to exceed the page limit**.

[40]   Case 213, ECFs 8, 12.

courts aware of the Injunction by simply citing to it and courts can research his litigation history for themselves.[41] The Court has already rejected this argument. Not every court employee is familiar with Daker's extensive, abusive filing history. These requirements "facilitate an efficient disposition of any pleadings he may file."[42]

Daker now responds that "the Court can accomplish the same objectives by alternatives that are less burdensome" such as making employees "aware of his litigation by simply requiring [them] to refer . . . to PACER or the Court's dockets."[43] That Daker disagrees with this Court's chosen method of achieving its purposes is irrelevant: The Court of Appeals has already upheld these filing requirements. Daker has supplied no basis for the Court to alter them based on his personal assessment that other methods might accomplish the same objective.

In fact, Daker's contention highlights a reason for the Injunction's requirements in the first instance—reducing the burden on the courts of Daker's abusive filings, which, as demonstrated by these three cases, have not stopped. The burden on Daker to comply with the Injunction is far outweighed by the burden imposed on courts all over the country by his repetitive and abusive

---

[41] *Id.*, ECF 86, at 4–5.

[42] *Id.*, ECF 85, at 2–3.

[43] *Id.*, ECF 86, at 3.

filings. The Injunction serves as a sanction for Daker's past behavior and to deter future misconduct. He has not shown that these objectives are no longer necessary.

### 2. Limited Access to Legal Materials

Daker next asserts that prison officials have lost, destroyed, or discarded many of his legal papers.[44] His "only" copy of the Injunction was purportedly "lost or destroyed by prison officials."[45] Daker also asserts that he—unsurprisingly—is not allowed to keep the vast majority of his forty-six boxes of legal papers in his cell but must instead store them in the prison law library.[46] Daker claims that he is sometimes only allowed to have access to those materials for one hour per week or has no access to them at all.[47] Daker claims he has not had sufficient time to organize those files since prison officials "dumped [them] into a big pile of a mess in a laundry bin" when he was last transferred.[48] Among his other complaints: Prison officials will not allow him to access a photocopier without a court order; the carbon paper he *is* permitted to use is insufficient because nerve damage in his

---

[44] *See, e.g.*, Case 2776, ECF 7, at 4–7.

[45] *Id.* at 7.

[46] *Id.* at 8.

[47] *Id.*

[48] *Id.* at 10.

hands makes it impossible for him to write hard enough; and, the carbon paper does not allow him to copy evidentiary documents to attach to his filings.[49]

These bare allegations are unpersuasive in light of Daker's long history of providing materially false and misleading information to this and other courts.[50] *Cf. El-Abaidy v. U.S. Att'y Gen.*, 622 F. App'x 816, 822 (11th Cir. 2015) (per curiam) (approving consideration of a party's "history of lying" in making credibility determinations against that party). Notably missing from Daker's filings is any document reflecting the restrictions purportedly placed on him by prison officials (*e.g.*, no photocopying, limited access to legal files) or any other form of evidentiary support for his claims that does not solely rely on his credibility.

Moreover, Daker's contention that he has limited or no access to his files, legal resources, or photocopies is belied by even a superficial review of his recent court filings: He has ample access to his legal files and to paper, and he has been able to print numerous computer-generated documents. *Accord Daker v. Ward*, Case No. 5:22-CV-340 (MTT), 2023 WL 2759037, at *5 (M.D. Ga. Apr. 3, 2023) ("Daker's assertion that he requires access to photocopying to comply with the

---

[49]   *Id.* at 14.

[50]   *See, e.g., id.* ECF 57, at 6, 8, 15–16; *Daker v. Owens*, 2023 WL 8254348, at *1; *Daker v. Warren*, 2023 WL 4560224, at *4–*6; *Daker v. Head*, No. 19-13101, 2022 WL 2903410, *5 (11th Cir. Jul. 22, 2022) (same).

injunction also rings hollow given the sheer number of documents Daker has been able to file in this and many other courts.").

Most damaging to Daker's claims are his demonstrably false assertions that prison officials lost or destroyed his sole copy of the Injunction so he cannot comply with its terms[51] and jumbled his files so he cannot locate copies of similar filing injunctions entered by other courts.[52] One of his motions to modify the contempt bond requirement, however—filed after having been transferred to his current prison (where officials purportedly jumbled his files and limited his access to them)—recited the entire 258-word affirmation required by the Injunction word-for-word as it appears in the Injunction.[53] Daker's contention that he does not have (or cannot obtain) a copy of the Injunction is yet another falsehood.

### 3.    Access to the Internet/PACER

As for the Injunction's requirement that Daker include a list of all his federal cases in every action he initiates, he argues that he cannot remember all of them and, without "adequate" access to his files or PACER, he cannot compile the necessary list.[54] He contends his circumstances have "changed significantly

---

51    Case 213, ECF 3, at 1; *id.*, ECF 8, at 1.

52    *Id.* at 3.

53    Case 2776, ECF 7, at 40.

54    *Id.* at 13.

since . . . June 21, 2021," when the Court determined that he had access to PACER, so it is "unreasonable, irrational, illogical, factually erroneous, and arguably delusional and fantastical" for the Court to believe that he still has such access.[55] Daker claims that he can no longer access PACER because people who once helped him are now unable or unwilling to do so.[56]

These assertions, too, are suspect. Daker's various filings in these cases include several block quotes from the Court's Orders. The quotes contain numbers corresponding to the Orders' footnotes even though Daker's filings do not include the footnotes themselves.[57] It thus appears that Daker cut and pasted those passages into his filings from an electronic source such as PACER or a computer-assisted legal research service like Lexis or Westlaw.[58] Daker's filings also cite cases from Lexis—reflecting that he has Internet access.[59] If Daker can access the Internet, he can access PACER.

---

[55]   Case 5243, ECF 86, at 7.

[56]   *Id.* at 7–12.

[57]   *See, e.g.*, Case 5243, ECF 86, at 2–3, 6; *id.*, ECF 88, at 2; Case 2776, ECF 7, at 30; Case 213, ECF 12, at 3, 10–11, 13.

[58]   It appears that at least one of the Orders Daker quotes is only available through PACER. *See, e.g.*, Case 5243, ECF 86, at 2–3 (quoting Case 5243, ECF 85).

[59]   *See, e.g., id.* at 3, 20–21, 24.

And even if Daker does not have access to PACER, he has not shown that the requirement to provide a list of all his federal cases should be altered or eliminated. On March 2, 2023, Daker provided an eight-page list of his federal litigation history in a case before the Middle District of Georgia. *Daker v. Ward*, No. 5:22-CV-340 (MTT) (M.D. Ga.), ECF 13, at 55–62. Daker can use that list and update it with any new cases he has filed since then. Should Daker contend he no longer has access to that list, he can request a copy from the Clerk of the Middle District and pay that court's standard copying costs. Regardless, a copy of his list of cases is included with this Order.

To the extent Daker contends that the list he supplied to the Middle District is incomplete,[60] such an argument is not ripe. Daker has made no effort—let alone a good faith one—to provide *any* list to this Court under the terms of the Injunction. *Cf. Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (indicating that a contemnor only shows an inability to comply with a court order by showing that he has made "in good faith all reasonable efforts to comply"). Daker bears the burden of demonstrating that he is entitled to relief from the Injunction. Given his history of dishonesty before this Court, Daker must provide convincing evidentiary support to justify any relaxation of the Injunction's requirements.

---

[60]    *See, e.g.*, Case 2776, ECF 7, at 28.

16

**B.     The Contempt Bond**

Daker also seeks relief from the $1,500 contempt bond requirement, again claiming he cannot afford it.[61] When he last raised this issue, the Court concluded that he had not provided sufficient evidence to support his claims of indigency:

> As multiple courts have found, Daker has repeatedly lied about his finances in an effort to obtain in forma pauperis status. *See, e.g., Daker v. Owens*, 5:20-cv-354-TES-CHW, 2021 WL 1321335, at *4 (M.D. Ga. Jan. 5, 2021) (citing ten cases from the Eleventh Circuit and the three Georgia federal district courts describing Daker's false representations about his assets). Daker's claims of indigence here therefore lack credibility, particularly given their lack of evidentiary support. Any "comprehensive accounting" of Daker's financial status requires evidentiary support regarding his assets.[62]

Daker now contends that he can provide the necessary evidentiary support, but claims the evidence is "buried in more than 46 boxes of legal materials that [he] does not have 'readily available,'" and he needs a court order requiring that prison officials give him access to a photocopier.[63] Instead of the necessary evidence, Daker provides an "approximate accounting" of his assets, explains how he spent the $160,000 he received from the sale of his home, and asserts that his debts

---

[61]   Case 2776, ECF 7; Case 213, ECF 3.

[62]   Case 5243, ECF 83, at 13.

[63]   Case 2776, ECF 7, at 31. *See also* Case 213, ECF 3.

exceed his very limited assets.[64] While he estimates the value of his portion of real property inherited from his parents to be between $70,000 to $100,000, he has not yet received any funds from it.[65]

Daker's assertion that he cannot access his financial records because they are buried in his inaccessible files fails for the same reasons it failed as to his legal records.[66] He has not demonstrated that he cannot obtain the necessary records from a financial institution, the relevant individual, or some other verifiable source. His "accounting" is simply a list of numbers that, without any supporting evidence, is all but meaningless.

As history has amply demonstrated, "Daker's repeated decisions to pursue IFP status no matter if he is indigent shows a blatant history of abuse of the judicial system. Since 2016, courts, including [the Eleventh Circuit], have found Daker's allegations of poverty to be either disingenuous or outright false." *Daker v. Head*, No. 19-13101, 2022 WL 2903410, at *3 (11th Cir. July 22, 2022) (citations omitted). He has provided no basis to suggest his new assertions of poverty are true.

---

[64]   Case 2776, ECF 7, 32–38.

[65]   *Id.* at 39.

[66]   *See supra* Section III.A.2.

### C.     Reconsideration of 2776 Dismissal Order

As discussed above, the order disposing of Case 2776 failed to indicate that dismissal was without prejudice—a plain oversight on the part of the Court. While Daker argues in his Rule 59(e) motion that this was error,[67] he asks that the Court vacate the 2776 Dismissal Order rather than correct the order and judgment. Vacatur is not the appropriate remedy; specifying the nature of the dismissal is. And despite the narrow relief Daker requested, the Court is without the ability to remedy its mistake. Under Rule 60,

> [t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Court believes the 2776 Dismissal Order [ECF 5] and judgment [ECF 6] must, in fairness, be corrected to reflect that the dismissal was without prejudice. However, since Daker has filed a notice of appeal,[68] the Court may only make the necessary corrections with leave of the Court of Appeals. The Court therefore

---

[67]   Case 2776, ECF 9, at 16–17.

[68]   *Id.*, ECF 11.

requests a limited remand from the Eleventh Circuit of Case 2776 to correct the dismissal order and judgment to reflect that the dismissal was without prejudice.

## IV.  Conclusion

Daker's motions to recuse [Case 5243, ECF 88; Case 2776, ECF 10; Case 213, ECF 11] are **DENIED**. Daker's motion to recuse Judge William M. Ray, II [Case 213, ECF 7] is **DENIED as moot**.

The Court agrees with the magistrate judge that Daker failed to comply with the Injunction and has not shown that he is entitled to relief from any of its requirements. Accordingly, Daker's objections to the R&R [Case 213, ECFs 8, 12] are **OVERRULED**, the R&R [*id.*, ECF 4] is **ADOPTED** as the Order of this Court, and Case 213 case is **DISMISSED without prejudice**.

Daker's motions to modify or vacate the Injunction [Case 5243, ECF 86; Case 2776, ECFs 7, 9; Case 213, ECF 3] are **DENIED**. The Clerk is **DIRECTED** to docket a copy of the motion at ECF 7 from Case 2776 in Case 5243; it is likewise **DENIED**.

For the avoidance of any doubt about Daker's access to the Injunction and his list of cases, a copy of each is attached to this Order as an exhibit. Daker is responsible for maintaining these copies going forward and the Court will not provide additional copies in the future absent compelling proof of extraordinary circumstances. **<u>Daker is responsible for including the disposition of each case</u>**

20

**when he submits the list to any court in order to comply with the Injunction**.

**Daker is also responsible for updating the list with any new cases he files**.

Finally, the Court requests that the Eleventh Circuit Court of Appeals issue a limited remand of Case No. 23-13889-A (11th Cir.), so that this Court may correct its September 25, 2023 dismissal order and judgment in Civil Action No. 1:22-cv-2776-SDG [ECFs 5, 6] to reflect that the **dismissal was without prejudice**.

**SO ORDERED** this 20th day of February, 2024.

_____
Steven D. Grimberg
United States District Judge

21